## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERICK GACHUHI WANJIKU,

      Plaintiff,

v.

JOHNSON COUNTY, KANSAS,[1]
LENEXA POLICE DEPARTMENT, and
STEVE GRIGSBY,

      Defendants.

Case No. 15-cv-02658-DDC-TJJ

## MEMORANDUM AND ORDER

    This matter comes before the Court on defendants Lenexa Police Department and Detective Steve Grigsby's Motion to Dismiss for Failure to State a Claim (Doc. 8) and defendant Johnson County, Kansas' Motion to Dismiss for Insufficient Service of Process, Failure to State a Claim, and Lack of Subject Matter Jurisdiction (Doc. 11). Plaintiff Erick Gachuhi Wanjiku, proceeding *pro se*, opposes both motions. *See* Docs. 13, 14. For reasons explained below, the Court grants defendants' motions and dismisses the case.

---

[1]    Defendant Johnson County, Kansas notes that under Kansas law, its proper name is the Board of County Commissioners of Johnson, County, Kansas. It does not move to dismiss on this basis, however. Under K.S.A. § 19–105, plaintiff cannot name Johnson County, Kansas as a defendant but, instead, must use the statutory designation, suit it as "The board of county commissioners of the county of Johnson." K.S.A. § 19–105; *see also Barngrover v. County of Shawnee*, No. 02-4021-JAR, 2002 WL 1758914, at *1 (D. Kan. June 10, 2002). A defendant may waive the defense of improper designation by admitting that the county is the defendant or by failing to raise the defense of improper designation in its pre-answer motion to dismiss. *Barngrover*, 2002 WL 1758914, at *1 (citing *Dollison v. Osborne Cty.*, 737 P.2d 43, 47 (Kan. 1987) (further citation omitted)). Here, the named defendant does not raise an improper designation defense. The Court thus refers to defendant as "Johnson County, Kansas," although this language uses an improper designation under Kansas law.

1

I.      **Background**

        **A.  Plaintiff's Complaint**

The Court takes the following facts from plaintiff's Complaint (Doc. 1) and views them in the light most favorable to him.  *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (explaining that the court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff]" (citation and internal quotation marks omitted)).  When the Court considers a *pro se* litigant's pleadings, it construes them liberally and holds them to a "less stringent standard" than ones drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But, the Court may not provide "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *see also Hall*, 935 F.2d at 1110 ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.  At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

Plaintiff brings this civil action under 28 U.S.C. § 1343 alleging violations of his civil rights.  Doc. 1 at 3.  Specifically, he claims that Johnson County, Kansas detained him for a year without reason, the Lenexa Police Department arrested him on a false allegation, and Detective Grigsby "conspired with private citizens to alter and destroy evidence."  Doc. 1 at 3–4.  Plaintiff seeks actual damages and punitive damages in an unspecified amount.  *Id.* at 4.  He previously presented these claims in another lawsuit, but the Court dismissed that case.  *See* Doc. 1 at 5; *Wanjiku v. Johnson Cty., Kansas*, No. 14-2001-RDR, 2014 WL 821285, at *2 (D. Kan. Mar. 3,

2014); *Wanjiku v. Johnson Cty., Kan.*, No. 14-cv-02001-RDR-JPO, 2014 WL 2611454, at \*2 (D. Kan. June 11, 2014).  The Court addresses the facts alleged in, and the procedural history of the previous suit, below.

### B.  Previous Lawsuit

A district court can take judicial notice of its own decisions and records in a prior case involving the same parties without converting a motion to dismiss the later case into a motion for summary judgment.  *See Merswin v. Williams Cos., Inc.*, 364 F. App'x 438, 441 (10th Cir. 2010); *see also Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (explaining that a court may take judicial notice of facts in its own files and facts which are a matter of public record without converting a Rule 12(b)(6) motion into one for summary judgment).  And the Court does so here.

Plaintiff previously presented nearly identical claims in 2014 in his Civil Complaintf filed in *Wanjiku v. Johnson County, Kansas*, Case No. 14-cv-02001-RDR-JPO (D. Kan. Jan. 3, 2014), ECF No. 1 (the "2014 Complaint").[2]  In plaintiff's 2014 Complaint, he alleged that defendants "prosecuted, detained and destroyed evidence" that was crucial to proving his innocence and "destroyed and disposed" of his personal property.  2014 Complaint at 3.  He also contended that "Detective Steve Gri[g]sby conspired with private citizens to destroy evidence, . . . tampered with evidence . . . and threatened [plaintiff's] friend so that he could testify against [plaintiff]."  *Id.* at 8.  Plaintiff sought monetary relief in excess of $20,000,000 and asked the Court to prosecute those who committed crimes against him.  *Id.* at 4.  He requested monetary damages because of the pain he and his family sustained, including:  "mental anguish, lost wages, defamation of character and [l]ong term effects of being jailed."  *Id.* at 4.  He also asserted that

---

[2]     In this Memorandum and Order, the Court refers to this case as "the 2014 lawsuit."

he had complained of prosecutorial misconduct "to the office of the disciplinary administrator who dismissed [his] allegations." *Id.* at 5.

The Court dismissed plaintiff's claims in his 2014 lawsuit against defendant Lenexa Police Department for failing to state a claim upon which relief can be granted.  The Court also dismissed plaintiff's claims against defendant Steve Grigsby without prejudice for insufficient service of process.  *See Wanjiku*, 2014 WL 821285, at *2.  And the Court dismissed plaintiff's claims against defendant Johnson County, Kansas without prejudice for insufficient service of process.  *See Wanjiku*, 2014 WL 2611454, at *2.

## II.     Legal Standards

Defendants move to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1), (5), and (6).

### A.  Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal courts must have a statutory or constitutional basis to exercise jurisdiction.  *Davenport v. Wal-Mart Stores, Inc.*, No. 14-cv-2124-JAR-JPO, 2014 WL 3361729, at *1 (D. Kan. July 9, 2014).  And, without jurisdiction, a court must dismiss the case.  *Id.*  Plaintiff bears the burden to establish that jurisdiction is proper and thus bears the burden to show why the Court should not dismiss the case for lack of subject matter jurisdiction. *Id.*; *see also Kinney v. Blue Dot Servs.*, 505 F. App'x 812, 814 (10th Cir. 2012) (explaining that the "court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it").

Generally, a Rule 12(b)(1) motion to dismiss consists of either a facial attack or a factual attack. *Davenport*, 2014 WL 3361729, at *1. The Tenth Circuit has explained the difference between the two:

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. *Id.* Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citations omitted).

### B. Rule 12(b)(5)

Under Rule 12(b)(5), a defendant may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Before a court can exercise personal jurisdiction over a defendant, the plaintiff must have served process validly under Federal Rule of Civil Procedure 4. *Riddle v. Wichita Pub. Sch.*, No. Civ. A. 04-1400-MBL, 2005 WL 1563444, at *1 (D. Kan. June 30, 2005); *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1348 (D. Kan. 1994). Plaintiff bears the burden to prove valid service. *Oltremari*, 871 F. Supp. at 1349; *see also Davenport*, 2014 WL 3361729, at *2 (explaining that under Rule 12(b)(5) "plaintiff has the burden of proving the validity of service of process"); *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) ("In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants.").

Rule 4(e) prescribes the appropriate methods for serving process on individuals located in the United States. It provides that an individual must be served by:

(1) following state law for serving a summons . . . in the state where the district court is located or service is made; or (2) doing any of the following:  (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Rule 4(j)(2) prescribes the appropriate methods to serve a state or other unit of local government.  A plaintiff must serve such a local governmental unit by:

(A) delivering a copy of the summons and complaint to its chief executive officer; or
(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  Thus, under Rule 4, plaintiff may serve defendants using the processes specified in Rule 4 or by processes recognized by Kansas state law.  *See Davenport*, 2014 WL 3361729, at *2.

Kansas law authorizes a plaintiff to serve process by return receipt delivery, personal service, or residential service.  *See* K.S.A. § 60–303(c)–(d).  Service by return receipt delivery "is effected by certified mail . . . to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom [service was] delivered, the date of the delivery, the address where delivered, and the person or entity effecting delivery."  K.S.A. § 60–303(c)(1).

Section 60–304(a) governs service of process upon individuals by return receipt delivery.  *See Oltremari*, 871 F. Supp. at 1348.  It provides:

Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address.  If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party, or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.

K.S.A. § 60–304(a).

Service on a governmental entity by return receipt delivery is governed by K.S.A. § 60–304(d).  It provides that a county may be served "by serving one of the county commissioners, the county clerk or the county treasurer."  K.S.A. § 60–304(d)(1).  And "[s]ervice by return receipt delivery must be addressed to the appropriate official at the official's governmental office."  *Id.*

### C.  Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failing to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint need not include "'detailed factual allegations,'" but must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Essentially, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  This plausibility standard reflects the requirement in Fed. R. Civ. P. 8 that pleadings must provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012); *see also* Fed R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain [a] short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

When considering a Rule 12(b)(6) motion, a district court must accept as true all factual allegations in the complaint, but need not extend this presumption to any legal conclusions it

asserts. *Iqbal*, 556 U.S. at 678.  Viewing the complaint in this manner, a court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.  *See id.*  ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  If the allegations in the complaint allow a district court "to draw the reasonable inference that defendant is liable for the misconduct alleged," the claim has facial plausibility and the Court should not dismiss it under Rule 12(b)(6).  *Davenport*, 2014 WL 3361729, at *2.  But, if the allegations in the complaint at issue are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

### III.   Defendants Lenexa Police Department and Detective Steve Grigsby's Motion to Dismiss (Doc. 8)

Defendants Lenexa Police Department and Detective Steve Grigsby move for dismissal under Fed. R. Civ. P. 12(b)(5) and (6).  They assert six grounds for their motion.  *See* Doc. 8.  But, to decide this motion, the Court need address only three of them.  It does so below.

#### A.  The doctrine of res judicata bars the claims against the Lenexa Police Department.

The Lenexa Police Department argues that res judicata precludes plaintiff from relitigating his claims against it and thus the Court should dismiss those claims under Rule 12(b)(6).  The Court agrees.

"Res judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits."  *King v. Union Oil Co.*, 117 F.3d 443, 445 (10th Cir. 1997).  For res judicata to bar a plaintiff's claims, four elements must exist: "(1) the prior suit must have ended

8

with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997), *cert. denied*, 523 U.S. 1064 (1998). "'Generally res judicata is an affirmative defense to be pleaded in the defendant's answer. However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer.'" *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 564 F. App'x 345, 347 (10th Cir. 2014) (quoting *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)). Here, the Court takes judicial notice of its records from plaintiff's 2014 lawsuit and addresses the Lenexa Police Department's res judicata defense in its Rule 12(b)(6) motion. As explained below, the Court finds that all four elements of res judicata exist, and concludes that this defense bars plaintiff's claims against the Lenexa Police Department.

First, plaintiff's 2014 lawsuit against the Lenexa Police Department ended when the Court granted the Department's motion to dismiss for failure to state a claim. *Wanjiku*, 2014 WL 821285, at *1. This ruling is a final judgment on the merits. "[A] Rule 12(b)(6) dismissal[], unless otherwise indicated, constitute[s] a dismissal *with* prejudice." *Slocum v. Corp.Express U.S. Inc.*, 446 F. App'x 957, 2011 WL 5289022, at *3 (10th Cir. Nov. 2, 2011) (unpublished table opinion) (emphasis in original). Because a Rule 12(b)(6) dismissal requires a court to evaluate the substance of a complaint it constitutes an adjudication on the merits. *Id.*; *see also Lee v. Pellant*, No. 07-4124-JAR, 2008 WL 336751, at *2 (D. Kan. Feb. 4, 2008) ("It is well settled that dismissal for failure to state a claim is a final judgment on the merits."). When the Court granted the 2014 motion to dismiss, it determined that the Lenexa Police Department was not an entity capable of being sued. *See id.* ("Because the Kansas legislature has not authorized

suits against municipal police departments, plaintiff's attempted claim against the Lenexa Police Department must be dismissed.").  The Court thus must treat the dismissal of plaintiff's 2014 lawsuit against the Lenexa Police Department as a final judgment on the merits of plaintiff's claim against that defendant.

Second, the parties in the present case are identical to those named in plaintiff's 2014 Complaint.  Since this suit involves the same parties as the 2014 lawsuit, the second element requiring an identity of parties is also satisfied.

To satisfy the third element of the res judicata defense, plaintiff must base the current lawsuit on the same cause of action asserted in the 2014 lawsuit.  The Tenth Circuit "embraces the transactional approach to the definition of 'cause of action.'"  *Nwosun*, 124 F. 3d at 1257.  "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.  All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation."  *Id.*  Plaintiff's 2014 Complaint alleged defendants "prosecuted, detained and destroyed evidence that was crucial to proving [his] innocence."  2014 Complaint at 3.  The 2014 Complaint also alleged that the Lenexa Police Department destroyed and disposed of plaintiff's personal property.  *Id.*  The Complaint in the current case alleges that plaintiff was detained for a year without reason after the Lenexa Police Department arrested him on a false allegation.  Doc. 1 at 3.  Plaintiff also states in his current Complaint that his current cause of action is the same or substantially similar to his action filed with the Court in 2014.  *See* Doc. 1 at 5.  In short, plaintiff's allegations in this Complaint arise from the same events as his 2014 Complaint.  Both complaints arise from plaintiff's alleged false arrest and subsequent detention.  The Court thus finds that the third

element of the res judicata analysis is satisfied because the current lawsuit is based on the same

cause of action as the 2014 lawsuit.

Last, plaintiff must have had a full and fair opportunity to litigate his claims in the prior

suit.  "The full and fair opportunity to litigate a claim is not actually an element of claim

preclusion, but rather an exception to the rule when the other three elements are otherwise

present."  *Lee*, 2008 WL 336751, at *2.  Even where the first three elements of res judicata are

met, the Court still must determine whether plaintiff "'had a full and fair opportunity to litigate

his claims before a court with the authority to adjudicate the merits of those claims.'"  *Id.*

(quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 979 (10th Cir. 1986)).  A full and fair

opportunity to litigate "means there is 'no reason to doubt the quality, extensiveness, or fairness

of procedures followed in prior litigation.'"  *Zhu v. St. Francis Health Ctr.*, 413 F. Supp. 2d

1232, 1240 (D. Kan. 2006) (quoting *Montana v. United States*, 440 U.S. 147, 164 n.11 (1979)).

Fairness is determined "by examining any procedural limitations, the party's incentive to fully

litigate the claim, and whether effective litigation was limited by the nature or relationship of the

parties."  *Nwosun*, 124 F.3d at 1257–58.  Plaintiff provides no evidence that he lacked a full and

fair opportunity to litigate his claims.  No procedural limitations existed.  And the record

contains no suggestion that the 2014 lawsuit was limited by the relationship of the parties.

Plaintiff also provides no reason to believe he lacked incentive to litigate fully his prior claims.

The court dismissed the 2014 lawsuit against the Lenexa Police Department under Rule

12(b)(6) after plaintiff failed to respond to the defendants' motion to dismiss.  *See Wanjiku*, 2014

WL 821285, at *1.  Plaintiff does not now explain his failure to respond during the 2014 lawsuit.

The Court, therefore, assumes that his failure to respond was a voluntary one.  *See Clemmons v.*

*Peak*, No. 94-3160-KHV, 1999 WL 450889, at *4 (D. Kan. Apr. 14, 1999) (explaining that

where a plaintiff provides no excuse for inaction, the court must assume that the failure was voluntary).  Even though plaintiff failed to respond, "plaintiff still had a full and fair opportunity to litigate the issue; he simply failed to take advantage of the opportunity."  *Id.*  Plaintiff also had the opportunity to appeal the 2014 dismissal, but did not do so.  *See Lee*, 2008 WL 336751, at *3.  The Court thus concludes that plaintiff had a full and fair opportunity to litigate his claims in the 2014 lawsuit.

Plaintiff's current lawsuit alleges the same claims, against the same parties, in the same Court as his 2014 lawsuit that ended with a judgment on the merits after a full and fair opportunity to litigate.  Because all four elements of res judicata exist, the Court finds that plaintiff's claims against the Lenexa Police Department are barred.  The Court thus dismisses plaintiff's claims against the Lenexa Police Department under Rule 12(b)(6).[3]

### B.  Plaintiff has not served Detective Grigsby properly.

Detective Grigsby argues the Court does not have personal jurisdiction over him because plaintiff has not served him properly.  Plaintiff tried to serve Detective Grigsby by mailing the Summons and Complaint to his place of employment, the Lenexa Police Department.  Detective Grigsby argues that such service does not comply with federal or Kansas law, and thus contends that the Court should dismiss plaintiff's case against him under Rule 12(b)(5).  The Court agrees.

### 1.  Service of Process Under K.S.A. § 60–304(a)

Plaintiff has not invoked the procedure for service under federal law described in Rule 4(e)(2).  Instead, he has tried to invoke the option established in Rule 4(e)(1), which permits a

---

[3]       Because the Court finds plaintiff's claims against the Lenexa Police Department barred, the Court does not address the Lenexa Police Department's additional arguments for dismissal.  *See Lee*, 2008 WL 336751, at *3 (where all elements of res judicata are satisfied, the Court "is barred from reconsidering the merits of plaintiff's" current claim); *see also Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (explaining that the doctrine of res judicata seeks to promote judicial economy and prevent repetitive litigation).

plaintiff to effect service by following Kansas state law.  Detective Grigsby argues that plaintiff

has not complied with Rule 4(e) or K.S.A. § 60–304(a) because he addressed the Summons to

Detective Grigsby's place of employment and a Public Service Officer working in the front

lobby of the Lenexa Police Department received it.[4]  For service to be sufficient, Detective

Grigsby argues, plaintiff first had to attempt service at the Detective's residence, as K.S.A. § 60–

304(a) requires.

In his Response, plaintiff asserts that he served the Summons properly under K.S.A. §

60–304.  Doc. 14 at 1.  He contends that it was permissible to serve Detective Grigsby at his

place of employment because "the detective[']s place of abode is not [available in the] public

record[,] otherwise the plaintiff would have attempted to serve him there."  Doc. 14 at 2.

Plaintiff argues that, because he does not know Detective Grigsby's address, he may serve him at

his business address.  Kansas law, however, sets forth a specific procedure that one must follow

before making service at a business address under § 60–304.

A pro se plaintiff still must comply with Rule 4 and Kansas law for service of process.

*See Oltremari*, 871 F. Supp. at 1350 (citing *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir.

1993)).  And, § 60–304(a) permits service at a business address only after plaintiff has tried to

serve the individual at his "place of abode" and  "file[d] a return of service stating that the return

receipt delivery to the individual at the individual's  . . . place of abode was refused or

unclaimed."  K.S.A. § 60–304(a); *see also Oltremari*, 871 F. Supp. at 1349 (holding that service

by certified mail at a business address is allowed only after a return of service is filed stating that

the certified mailing to the individual at his house has been refused or unclaimed); *Wanjiku*, 2014

WL 821285, at *2 (holding that § 60–304(a) "does not allow service by certified mail to a

---

[4]       Plaintiff does not dispute that the Public Service Officer was not an agent authorized by appointment or by law to receive service of process for Detective Grigsby.

business address, unless and until the certified mail sent to the individual's dwelling is refused or unclaimed").  Here, plaintiff never tried to make residential service and he filed no return of service showing that such service was refused or unclaimed.  Plaintiff thus has not complied strictly with Kansas law for service of process at a business address.

Nevertheless, under K.S.A. § 60–204, "[s]ubstantial compliance with any method of serving process effects valid service of process if the court finds that . . . the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property."  K.S.A. § 60–204; *see Wanjiku*, 2014 WL 821285, at *2 ("Kansas law allows for effective service if the party substantially complies with the statutory method of service.").  The Court thus considers, below, whether plaintiff achieved service of process on Detective Grigsby by complying substantially with Kansas law.

### 2.  Substantial Compliance Under § 60–304(a)

Plaintiff's attempted service of process does not substantially comply with Kansas law. Much like the current lawsuit, plaintiff also tried to serve the 2014 lawsuit on Detective Grigsby at his business address.  *See Wanjiku*, 2014 WL 821285, at *1.  Our Court held that "service upon an individual at his place of business without first attempting to serve him at his dwelling place does not constitute substantial compliance under Kansas law."  *Id.* at *2 (citing *Fisher v. DeCarvalho*, 314 P.3d 214, 220 (Kan. 2013)).  The Court thus granted Detective Grigsby's motion to dismiss because plaintiff had not complied (or even substantially complied) with Rule 4(e) and Kansas law for service of process.  *Id.*

In the 2014 lawsuit, no facts existed to show "that plaintiff first attempted to serve process on Grigsby at his dwelling."  *Id.*  The only difference between his current attempt at service and the earlier one is plaintiff's assertion here that he would have served Detective

14

Grigsby at his residence, but his address is not public record.  Doc. 14 at 2.  "[P]laintiff is entitled to the benefit of any factual doubt" when opposing a motion to dismiss under Rule 12(b)(5).  *Fisher*, 531 F. Supp. 2d at 1260.  And defendants never assert that plaintiff could have found Detective Grigsby's address.  The Court thus accepts as true plaintiff's assertion that Detective Grigsby's residential address is not available in the public record and, accordingly, considers whether service at a business address—when a residential address is not available in the public record—constitutes substantial compliance with § 60–304(a).

The Court is mindful of plaintiff's predicament.  But, these vagaries do not alleviate plaintiff's burden to show valid service, and Kansas law—the method of service that plaintiff elected—requires a showing of substantial compliance.  Substantial compliance means "'compliance in respect to the essential matters necessary to assure every reasonable objective of the statute.'"  *Settle v. Diversified Consultants Inc.*, No. 2:13-CV-02606-EFM-GL, 2014 WL 1607589, at *3 (D. Kan. Apr. 22, 2014) (quoting *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013)).

K.S.A. § 60–304 contains three prerequisites for business address service.  *See Settle*, 2014 WL 1607589, at *3.  First, plaintiff must "attempt[ ] to serve the individual by return receipt delivery at the individual's dwelling house or usual place of abode."  *Id.* at *3 n.31.  Second, plaintiff must file "a return on service indicating that delivery at the individual's dwelling . . . or usual place of abode was refused or unclaimed" and that a business address is known for the defendant.  *Id.*  Third, plaintiff must send the Summons and Complaint to the business address, addressed to the defendant, via return receipt delivery.  *See id.*; *see also* K.S.A. § 60–304(a). [5]

---

[5]         The Court has modified *Settle*'s description of the third prerequisite for business address service because the Kansas Legislature amended K.S.A. § 60–304 in 2011.  The third prerequisite previously

Plaintiff here has satisfied just one of the three § 60–304(a) requirements—plaintiff sent the Summons and Complaint addressed to Detective Grigsby at his business address via certified mail. *See* Doc. 7 (Summons returned executed); *see also* K.S.A. 60–303(c) (stating that service by return receipt delivery is effected by certified mail addressed to the defendant). No certified mail was refused or unclaimed at defendant's dwelling and plaintiff has not filed a return of service stating as much. Detective Grigsby contends that this is not enough to serve him effectively and argues that plaintiff has not cited any law supporting the proposition that, because plaintiff does not know Detective Grigsby's address, plaintiff is excused from complying with all

---

required plaintiff to send certified mail to the business address via *restricted* delivery. *See Settle*, 2014 WL 1607589, at *3 n.31 (quoting *Fisher*, 314 P.3d at 219). As explained below, it is not entirely clear whether the Kansas statute still requires restricted delivery, but the Court concludes that it does not because that requirement was removed from the plain language of the statute.

*Fisher* resolved a previous split of authority over what constituted substantial compliance under K.S.A. § 60–304. *See Wanjiku*, 2014 WL 821285, *2. And *Fisher* analyzed in detail the importance of restricted delivery, which was required by the earlier version of the statute. *See Fisher*, 314 P.3d at 220. Because *Fisher* determined that restricted delivery was important under the previous version of § 60–304, the Court briefly summarizes, below, the statutory amendments leading the Court to conclude that restricted delivery is no longer required.

For more than a decade, the Kansas legislature has been replacing statutory references to "certified mail" with "return receipt delivery." Before 2000, K.S.A. § 60–303 ("Methods of service of process") permitted service by "certified mail." In 2000, the statute was amended to permit service by "return receipt delivery," which includes service effected by certified mail, among other options. *See* 2000 Kan. Sess. Laws ch. 175, § 3. To reflect the 2000 amendments to § 60–303, § 60–304 was amended in 2005 to use "return receipt delivery" instead of "certified mail." 2005 Kan. Sess. Laws ch. 203, § 1; 4 Gard, Casad, & Mulligan, *Service of Process, on Whom Made*, Kan. Law & Prac., Kan. Code of Civ. Proc. Ann. § 60–304 (5th ed. 2015). One reference to certified mail remained, however. In the 2005 statute, § 60–304(a) still required "service by certified mail, restricted delivery" when a party served an individual at a business address after service at the individual's dwelling was refused or unclaimed. *Id.* In 2011, the final reference to "certified mail" in § 60–304 was removed when the statute was restyled, and the statute now permits service by "return receipt delivery" to the business address, after service at the dwelling is refused or unclaimed. 2011 Kan. Sess. Laws ch. 48, § 14. The current version of the statute contains no references to "restricted delivery." *Id.*; K.S.A. § 60–304(a). The Court thus applies the statute according to its plain terms, *see Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004), and concludes that any type of return receipt delivery is sufficient—whether restricted or not.

16

three statutory requirements.  The Court agrees.  Kansas law provides for service on an individual by return receipt delivery addressed to the individual's dwelling, personal service, or residential service.  *See* K.S.A. §§ 60–303, 60–304(a).  It does not contemplate service at a business address by return receipt delivery until plaintiff has taken certain steps.  If the Kansas Legislature had intended to allow plaintiffs to serve defendants by mail at their business addresses without meeting the other statutory prerequisites for such service, it would not have included the restrictions for business address service in the statute.  The Court thus concludes that plaintiff failed to satisfy the statute's reasonable objectives when he skipped its first two requirements.

Also, a Public Service Officer received the certified mail, not Detective Grigsby. Plaintiff thus has not shown that his attempted service at the business address directly made Detective Grigsby aware of this action.  *See* K.S.A. § 60–204 (stating that substantial compliance effects valid service only where the putative defendant was made aware of the action because of substantial compliance with a method of serving process); *see also Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 716 (10th Cir. 2005) (applying the Kansas test for substantial compliance under § 60–204 and finding that a "court[] must find that the defendant's awareness of the suit results directly from the plaintiff's substantial compliance with the service of process" and "the fact that defendant had actual knowledge of the suit and did not suffer prejudice does not mean there was substantial compliance" (internal quotation and citations omitted)).  Here, plaintiff mailed the Summons and Complaint to the Lenexa Police Department.  But, Detective Grigsby did not sign for the service at the business address.  A Public Service Officer working in the front lobby received the service.  Nothing establishes that Detective Grigsby learned of the lawsuit from plaintiff's mailing to Detective Grigsby's business address.  The Court thus cannot

assume that Detective Grigsby's awareness of the suit resulted directly from the certified mail sent to the business address.

And, plaintiff knew (or should have known) that service at Detective Grigsby's business address was insufficient to fulfill § 60–304 unless he first had attempted to serve him at his dwelling.  In the 2014 lawsuit, the Court found that service at Detective Grigsby's place of business "may only be used as a secondary [service] method."  *Wanjiku*, 2014 WL 821285, at *2. But despite this ruling, plaintiff again served Detective Grigsby at the Lenexa Police Department as his first and only attempt to serve the current Complaint.  Federal and Kansas law provided plaintiff with other avenues to effect service of process.  For example, Rule 4(e)(2)(A) and K.S.A. § 60–303(d) permit personal service.  Plaintiff has not informed the Court of any other efforts to serve Detective Grigsby beyond what Judge Rogers found inadequate in the 2014 lawsuit.

Also, § 60–304 itself explains how a plaintiff can serve an individual when the individual's address is unknown.  Section 60–304(h) states:

> If a party . . . files an affidavit or declaration pursuant to K.S.A. 53–601 . . . that to the best of the affiant's or declarant's knowledge and belief the person to be served is employed in this state, and . . . *the place of residence of the person is unknown*, the affiant or declarant may request that the sheriff or other duly authorized person direct an officer, partner, managing or general agent or the individual having charge of the place at which the person to be served is employed, to make the person available to permit the sheriff or other duly authorized person to serve the summons or other process.

K.S.A. § 60–304(h) (emphasis added).  Plaintiff never filed such a declaration and he never asked that the sheriff or other authorized person serve Detective Grigsby at his place of employment.

Kansas law permits service on an individual at a business address only after a plaintiff has taken specific steps to demonstrate that business address service is necessary.  Plaintiff has

not taken those steps here.  The Court cannot find substantial compliance where plaintiff met only one of three prerequisites for business address service under § 60–304(a), plaintiff had notice that such service was inadequate, and the Kansas statues include a specific procedure for serving process at a place of employment when a defendant's residential address is unknown. Plaintiff has not complied with the essential matters necessary to assure every reasonable objective of § 60–304.  *See Settle*, 2014 WL 1607589, at *3 (finding no substantial compliance where plaintiff attempted service at a defendant's place of business, but did not first attempt service at his dwelling, did not file a return on service indicating refusal, and did not restrict service to the addressee).

The Court thus holds that plaintiff has not met or substantially complied with K.S.A. § 60–304's requirements allowing service by certified mail at Detective Grigsby's business address.  The Court thus dismisses plaintiff's claims against Detective Grigsby for insufficient service of process.

The Court realizes that it may, in its discretion, extend the time for plaintiff to serve Detective Grigsby properly, s*ee Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271, 1275 (D. Kan. 2006), but it declines to do so here.  The Court, instead, dismisses plaintiff's claims against Detective Grigsby because, as the next section explains, even if plaintiff had complied or substantially complied with the statutory service requirements, it would conclude that plaintiff failed to state a claim upon which relief can be granted.

**C.  The Court declines to provide plaintiff additional time to serve Detective Grigsby because the claims against him are barred by the statute of limitations.**

Courts may exercise discretion to extend the time for a plaintiff to serve a defendant.  *See Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271, 1275 (D. Kan. 2006); *see also Rivera v. Riley*

19

*Cty. Law Bd.*, No. 11-cv-02067-JAR-JPO, 2011 WL 4686554, at *3 (D. Kan. Oct. 4, 2011)

("When a court finds service of process insufficient but curable, it should generally quash the

service and give plaintiff an opportunity to re-serve the defendant."); *Davenport*, 2014 WL

3361729, at *3 (explaining that if proper service is not made upon a defendant within 120 days

after filing the complaint, "the court must either dismiss the action without prejudice, or direct

that service be effected within a specific time").  The Court, however, declines to do so here

because, even if plaintiff had serve Detective Grigsby effectively, it would dismiss plaintiff's

claims against Detective Grigsby under Rule 12(b)(6).  The Court thus concludes that allowing

plaintiff additional time for service would amount to a futile act and, instead, the Court also

dismisses plaintiff's claims under Rule 12(b)(6).  *See Ngiendo v. Soc. Sec. Admin.*, 547 F. App'x

913, 914 (10th Cir. 2013) (affirming district court's dismissal, which was based on both Rule

12(b)(5) and (b)(6) grounds).

Plaintiff's claims against Detective Grigsby also fail because the statute of limitations has

expired.  Although a statute of limitations is generally an affirmative defense, a court may also

resolve statute of limitations questions "on a Fed. R. Civ. P. 12(b) motion."  *Aldrich v.*

*McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citing 5B Charles Alan

Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (1969)).  "[W]hen a complaint

shows on its face that the applicable statute of limitations has run, an action is subject to

dismissal for failure to state a claim upon which relief can be granted."  *Turner & Boisseau, Inc.*

*v. Nationwide Mut. Ins. Co.*, 944 F. Supp. 842, 844 (D. Kan. 1996).

Plaintiff's claims against Detective Grigsby arise from his assertion that the Lenexa

Police Department arrested him on a false allegation and Johnson County, Kansas wrongfully

detained him for a year.  Specifically, he argues that Detective Grigsby "conspired with private

citizens to alter and destroy evidence" in the state criminal case filed against plaintiff.  Doc. 1 at 4.  Plaintiff's Complaint asserts jurisdiction under 28 U.S.C. § 1343, and the Court liberally construes his claims against Detective Grigsby as ones arising under 42 U.S.C. §§ 1983 and 1985.

The two-year statute of limitations in K.S.A. § 60–513 for personal injury actions applies to §§ 1983 and 1985 claims.  *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) ("The statute of limitations [under 42 U.S.C. § 1983] is drawn from the personal-injury statute of the state in which the federal district court sits."); *Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984) (applying state's two-year statute of limitations because Congress provided no statute of limitations for § 1983 and Congress "specifically directed [the courts] to look to state law in civil rights cases" when federal law does not provide a statute of limitations); *Carroll v. Kansas*, Civ. A. No. 89-2491-V, 1990 WL 126928, at *2–3 (D. Kan. Aug. 30, 1990) (applying Kansas' two-year statute of limitations for claims under both statutes).  Plaintiff thus must have filed his Complaint within the two-year statute of limitations or his claims are subject to dismissal under Rule 12(b)(6).

Plaintiff's Complaint provides no dates for his arrest and the claims arising from it, but the Court takes judicial notice of the state charges against plaintiff and the proceedings in the state court action.  *See Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012) (holding that a court may take judicial notice of state-court disciplinary proceedings without converting a motion to dismiss into one for summary judgment); *Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (holding that the district court properly took judicial notice of materials in a state court's file on a motion to dismiss under Rule 12(b)(6)); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (explaining that a court may take judicial notice of facts in its own files and

facts which are a matter of public record on a Rule 12(b)(6) motion without converting the motion into one for summary judgment); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Here, the Court concludes it is appropriate to take judicial notice of undisputed matters of public record. Plaintiff was charged in Johnson County, Kansas with two criminal counts on February 18, 2012. *State v. Wanjiku*, Johnson County, Kansas Case No. 12-CR-00332. The first count was dismissed on January 4, 2013. *Id.* And the second count was dismissed on January 15, 2013. *Id.* Because all state claims against plaintiff were dismissed no later than January 15, 2013, plaintiff's allegations of a conspiracy to destroy evidence and any related claims against Detective Grigsby must have accrued at the latest on that date.

The applicable two-year statute of limitations for plaintiff's §§ 1983 and 1985 claims expired on January 15, 2015. Plaintiff did not file his Complaint in this case until March 13, 2015. And plaintiff did not respond to defendants' argument that his claims are time barred by the statute of limitations. *See* Doc. 14. The Court thus also concludes that plaintiff's claims against Detective Grigsby are barred by the statute of limitations and also dismisses them under Rule 12(b)(6) because they fail to state a claim upon which the Court could grant relief. [6]

---

[6]     To the extent plaintiff intended his Complaint to assert state law claims, Kansas' statutes of limitations also bar those claims. *See* K.S.A. § 60–513(a) (limiting actions for "taking, detaining or injuring personal property", fraud, and actions "for injury to the rights of another . . . not herein enumerated" to two years); K.S.A § 60–514 (limiting actions for malicious prosecution and false imprisonment to one year); *White v. Graceland Coll. Ctr. for Prof'l Dev.& Lifelong Learning, Inc.*, No. 07-2319-CM-GLR, 2008 WL 508908, at *3 (D. Kan. Feb. 21, 2008) (holding that a civil conspiracy claim is subject to the underlying tort's statute of limitations).

The Court also notes that the Kansas savings statute, K.S.A. § 60–518, does not save plaintiff from his untimely filing of this action. Plaintiff's earlier action against Detective Grigsby was dismissed

IV.   **Defendant Johnson County, Kansas' Motion to Dismiss for Insufficient Service of Process, Failure to State a Claim, and Lack of Subject Matter Jurisdiction (Doc. 11)**

Johnson County, Kansas moves to dismiss plaintiff's claim against it for:  (1) insufficient service of process; (2) failure to state a claim upon which relief can be granted; and (3) lack of subject matter jurisdiction.  Based on plaintiff's 2014 Complaint and the current Complaint, Johnson County, Kansas interprets plaintiff's claims against it to include prosecutorial misconduct, destruction of evidence, defamation, false arrest, and malicious prosecution.  *See* Doc. 12 at 1.  In plaintiff's current Complaint he merely alleges that Johnson County, Kansas detained him for a year without reason.  Doc. 1 at 3.  The Court agrees that plaintiff's claim or claims against Johnson County, Kansas must be dismissed, for the reasons explained below.

### A.  Plaintiff has not served Johnson County, Kansas properly.

Johnson County, Kansas argues the Court does not have personal jurisdiction over it because plaintiff never served that governmental entity properly.  Plaintiff attempted to serve Johnson County, Kansas by mailing the Summons and Complaint to the Johnson County, Kansas Legal Department.  Johnson County, Kansas argues this is insufficient under Rule 4 and Kansas law for service of process, and thus it contends the Court should dismiss plaintiff's case against it under Rule 12(b)(5).  The Court agrees.

Plaintiff did not attempt service under Rule 4(j)(2)(A), but, instead, attempted to serve the county under Rule 4(j)(2)(B), which permits service in the manner prescribed by Kansas law.  In Kansas, a plaintiff may serve a county "by serving one of the county commissioners, the county clerk or the county treasurer."  K.S.A. § 60–304(d)(1).  And "[s]ervice by return receipt delivery must be addressed to the appropriate official at the official's governmental office."  *Id.*

---

without prejudice by our Court on March 3, 2014, providing plaintiff more than 10 months to reassert his claims against Detective Grigsby before the statute of limitations barred his claims.  *See Wanjiku*, 2014 WL 821285, at *2.  Plaintiff provides no reason for waiting to do so until March 13, 2015.

Plaintiff's attempted service was not mailed to a county commissioner, the county clerk, or the county treasurer and was not addressed to an appropriate official as § 60–304(d) requries.  *See* Doc. 7 at 1.  It was addressed simply to "Johnson County, Kansas Legal Department 111 S. Cherry St. Olathe, KS 66061."  *Id.*  Plaintiff's attempted service thus does not comply with Kansas law for service on a Kansas county.

Plaintiff argues that all he needed to do to serve Johnson County, Kansas properly was mail the service to the party's last known address.  *See* Doc. 13 at 2.  He also cites to K.S.A. § 60–304(d)(4), which permits service on "any other public corporation, body politic, district or authority, by serving the clerk or secretary or, if the clerk or secretary is not found, any officer, director and manager thereof."  K.S.A. § 60–304(d)(4).  He argues that the statute allows him to serve any officer, and he has met this requirement because "the recipient of the lawsuit signed for it."  Doc. 13 at 2.  The Court disagrees.  Section § 60–304(d)(4) does not apply here because the statute expressly instructs how a plaintiff must serve a *county* in § 60–304(d)(1).  Section 60–304(d)(4) is reserved for "other" bodies politic, which unlike a county, are not specifically listed in the statute.  *See* K.S.A. §60–304(d)(4).  And the Summons returned for Johnson County, Kansas was stamped as received by "Johnson County Offices"—and not by the defendant in the lawsuit, the Board of County Commissioners of Johnson County, Kansas, as plaintiff contends. *See* Doc. 7 at 1.  When plaintiff's 2014 lawsuit against Johnson County, Kansas was dismissed for insufficient service of process, the Court explained the proper statute for making service on a county, § 60–304(d)(1), but plaintiff has again failed to comply with that statute in this lawsuit.

Plaintiff's attempted service also does not comply substantially with Kansas law under either § 60–304(d)(1) or (d)(4).  The Board of County Commissioners of Johnson County, Kansas is located at 111 S. Cherry Street, where plaintiff attempted service by addressing the

24

certified mail to the Johnson County, Kansas Legal Department. And a board of county commissioners is a "body politic," to which § 60–304(d)(4) might apply if it was not a county specifically addressed in a different statutory subsection, § 60–304(d)(1). *See* K.S.A. § 19–103 ("The powers of a county as a body politic and corporate shall be exercised by a board of county commissioners."). But, plaintiff did not address the service to a proper person under either subsection of the statute. "When the statute designates a particular recipient for process, courts must enforce that statutory procedure. Allowing plaintiff to serve someone other than those individuals listed in [§] 60–304(d) would violate the clear language of the statue and would not substantially comply with the statutory requirements." *Rivera*, 2011 WL 4686554, at *3 (internal citations and quotations omitted); *see also Rader v. U.S.D. 259 Wichita Pub. Schs*, No. 10-4118-KHV, 2011 WL 2144834, at *1 (D. Kan. May 31, 2011) (finding attempted service did not substantially comply with § 60–304(d) where the mail was not addressed to the person within the local governmental agency that was required in the statute).

It is plaintiff's burden to show the validity of service. *Davenport*, 2014 WL 3361729, at *2. He has not shown compliance or substantial compliance with any method for serving process here. The Court, therefore, dismisses plaintiff's action against Johnson County, Kansas for insufficient service of process under Rule 12(b)(5). The Court declines to allow plaintiff additional time to re-serve Johnson County, Kansas because, even if proper service was effected, the Court would dismiss plaintiff's claims against Johnson County, Kansas, as explained below.

### B.  Plaintiff has not stated a claim against Johnson County, Kansas upon which relief can be granted.

Plaintiff's claim centers on his alleged false arrest and subsequent detention. Johnson County, Kansas suggests that plaintiff perhaps intended to file suit against the Johnson County

District Attorney's Office because it was that office's actions which lead to his alleged wrongful detention, not the County or any of its employees.  *See* Doc. 12 at 5–6.

The Court agrees that plaintiff has not stated a claim upon which relief can be granted against Johnson County, Kansas or its employees.  Plaintiff's 2014 Complaint and his current Complaint make it evident that his allegations of wrongful arrest and detention are aimed at the persons who prosecuted him in state court.[7]  Plaintiff's current Complaint simply states that Johnson County, Kansas "detained [plaintiff] for almost a year for no reason."  Doc. 1 at 3.  In his 2014 Complaint, he alleged this wrongdoing in slightly more detail, stating that "Johnson County, Kansas prosecuted, detained and destroyed evidence that was crucial to proving [his] innocence."  2014 Complaint at 3.  He also alleged prosecutorial misconduct.  *Id.* at 5.  And in his Response opposing Johnson County, Kansas' current Motion to Dismiss, he states, "the district attorney['] s office knowingly continued to prosecute and detain the plaintiff even after discovering their case was based on tampered evidence."[8]  Doc. 13 at 1.

---

[7]      Generally, on a Rule 12(b)(6) motion a court can consider only the matters in the Complaint.  But there are exceptions to this rule.  *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013).  The Court considers plaintiff's 2014 Complaint here because it is referenced in his current Complaint and the Court may take judicial notice of it.  *See* Doc. 1 at 5 (stating that plaintiff presented the same claims to the Court in his 2014 Complaint filed January 3, 2014); *see also Berneike*, 708 F.3d at 1146 ("Exceptions to th[e] general rule include . . . documents incorporated by reference in the complaint; documents referred to in and central to the complaint . . . ; and matters of which a court may take judicial notice." (internal quotation and citation omitted)).

[8]      While the authority on the subject is mixed, the Court deems it appropriate here to consider allegations made by plaintiff in his Response.  Generally, on a Rule 12(b)(6) motion, a court considers only the facts alleged in the complaint.  *See Dobson v. Anderson*, 319 F. App'x 698, 701 (10th Cir. 2008).  The factual allegations in plaintiff's Complaint here are sparse.  And the facts asserted in plaintiff's Response to the Motion to Dismiss merely amplify the allegations of the Complaint.  They do not supplant or contradict them.  The Court thus considers the allegations in plaintiff's Response.  *See Nicol v. Auburn-Washburn USD 437*, 231 F. Supp. 2d 1092, 1095 n.3 (D. Kan. 2002) (considering additional facts alleged in plaintiff's response to a motion to dismiss because those facts did not modify the context or nature of plaintiff's claims and the "court assum[ed] that th[e] additional related facts in plaintiff's response would be appropriately appended to the current complaint under a Fed. R. Civ. P. 15(a) liberal pleading standard"); *see also Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) (citations omitted) (explaining that "it might be appropriate for a court to consider additional facts or legal theories asserted

Plaintiff attempted to serve the Johnson County Legal Department, which was where plaintiff thought the individuals who prosecuted the state court charges against him worked.  *See* Doc. 7 at 1.  But county district attorneys work for the state, not the county.  *See* K.S.A. § 22a–101(a) (stating the district attorney is the "executive officer of the judicial district in which he is elected" and "in no event shall said district attorney be deemed an officer of any county"); *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1347 (D. Kan. 1994) (holding that "county district attorneys are officers of the state," to which the Eleventh Amendment gives them immunity from suit, unlike county officers).  The Court finds that plaintiff has alleged no wrongful actions by Johnson County, Kansas in this suit, but, instead, he alleges wrongful acts by the Johnson County District Attorney and his employees.  The Court concludes that plaintiff has not stated a claim upon which relief can be granted against Johnson County, Kansas, and, therefore, does not provide plaintiff additional time to serve Johnson County, Kansas on this theory because it finds dismissal also appropriate under Rule 12(b)(6).

### C.   The Court does not have subject matter jurisdiction over any tort claims to the extent plaintiff intended to assert them against Johnson County, Kansas.

If plaintiff intended to sue Johnson County, Kansas, and not the Johnson County District Attorney, the Court still must dismiss any tort claims he asserts against the County under Rule 12(b)(1).  K.S.A. § 12–105b(d) requires a plaintiff to given written notice to a municipality, including a county, before bringing a tort suit against it.  *See* K.S.A. § 12–105b(d); *Cano v.*

---

in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint, [but] a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint"); *Pratt v. Corr. Corp. of Am.*, 124 F. App'x 465, 466 (8th Cir. 2005) (explaining that the district court should have considered the facts alleged in a pro se plaintiff's response to resolve a motion to dismiss).  *But see Pegues v. Baker Univ.*, No. 11-2136-KHV, 2011 WL 4436613, at *2 n.2 (D. Kan. 2011) (declining to consider facts in plaintiff's response that were not alleged in plaintiff's complaint without converting the 12(b)(6) motion into a motion for summary judgment).

*Denning*, No. 12-2217-KHV, 2013 WL 322112, at *8 (D. Kan. Jan. 28, 2013); *Miller v. Brungardt*, 916 F. Supp. 1096, 1099 (D. Kan. 1996).

"This notice requirement is a condition precedent to suit against a municipality." *Cano*, 2013 WL 322112, at *8. And, under Fed. R. Civ. P. 9 (c), a plaintiff must include a statement in his Complaint alleging that he has performed the required notice. *See* Fed. R. Civ. P. 9(c) (explaining that a pleading must "allege generally that all conditions precedent have occurred or been performed"); *see also* K.S.A. § 60–209(c) (Kansas pleading statute stating the same). It is plaintiff's burden to establish jurisdiction, and plaintiff did not allege notice in his Complaint or respond to Johnson County, Kansas' assertion that he had not given the required notice. The Court therefore finds that plaintiff has conceded that he did not file the required notice. *See Cano*, 2013 WL 322112, at *8 (finding that because plaintiff did not respond to defendants' notice argument plaintiff conceded that he did not file the required timely notice under § 12–105b(d) and dismissing plaintiff's claims against the county).

Without the required notice, the Court lacks subject matter jurisdiction over any tort claims against Johnson County, Kansas. *See Folkers v. Drill*, No. 14-CV-02429-DDC-TJJ, 2015 WL 4598777, at *7 (D. Kan. July 29, 2015) ("The filing of a proper notice is a prerequisite to the filing of an action in district court and if it is not met the court cannot obtain jurisdiction over the municipality." (internal citations and quotations omitted)). Accordingly, the Court must decide whether to dismiss the claims or, instead, give plaintiff the opportunity to amend or supplement his Complaint to allege satisfaction of the notice requirement.

"The Tenth Circuit has concluded that allowing plaintiffs to file suit 'before exhausting their administrative remedies and then curing the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary

28

burden on the judicial system.'" *Debbrecht v. City of Haysville, Kan.*, No. 10-1419-JAR-DJW, 2012 WL 1080527, at *6 (D. Kan. Feb. 7, 2012) (quoting *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999)).  Because the Court finds that plaintiff concedes he did not file the required notice here, allowing plaintiff to amend his Complaint "would be futile as defendant[] would still be entitled to judgment on the pleadings for failure to comply with K.S.A. § 12–105b(d)." *Id.*  The Court thus concludes that it must dismiss any tort claims that plaintiff intended to assert against Johnson County, Kansas because it lacks subject matter jurisdiction under Rule 12(b)(1).[9]  The Court dismisses any such claims without prejudice.  *See Debbrecht v. City of Haysville, Kan.*, No. 10-CV-1419-JAR, 2012 WL 1080923, at *1 (D. Kan. Mar. 29, 2012) (confirming that a dismissal of state law claims for failure to comply with K.S.A. § 12–105b should be without prejudice).  It makes no judgment about the merits of any such claims or whether plaintiff could satisfy the required notice in a future suit.

## V.    Conclusion

For the reasons explained above, the Court grants defendants' motions to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Lenexa Police Department and Detective Steve Grigsby's Motion to Dismiss (Doc. 8) is granted.  Plaintiff's action against the Lenexa Police Department is dismissed under Rule 12(b)(6) for failure to state

---

[9]    Our cases that have considered whether to dismiss claims or give a plaintiff an opportunity to amend when a plaintiff has not pleaded the required notice under K.S.A. § 12–105(b) also have found dismissal appropriate. *See, e.g., Talavera v. SW Med. Ctr.*, No. 09-2572-JWL, 2010 WL 3001723, at *3 (D. Kan. July 28, 2010) (concluding that plaintiff cannot amend or supplement the complaint, but, instead, the claims must be dismissed for failure to comply with K.S.A. § 12–105b(d)); *see also Phillips v. Humble*, 587 F.3d 1267, 1274 (10th Cir. 2009) (affirming dismissal based on failure to comply with K.S.A. § 12–105b's notice requirement); *cf. Huehl v. Bd. of Cty. Comm'rs of Cty. of Lincoln*, 298 P.3d 1139, No. 107,907, 2013 WL 1729259, at *7 (Kan. Ct. App. Apr. 19, 2013) (finding that courts should allow a plaintiff to amend a complaint to allege a condition precedent "when there was evidence that the party had complied with the notice . . . before initiating the lawsuit despite the failure to plead satisfaction of this condition precedent in the petition" but, if the record fails to show that the plaintiff gave the required notice, "allowing [plaintiff] to amend his petition would not correct the initial error of failing to properly give notice of his claim").

29

a claim upon which relief can be granted.  Plaintiff's action against Detective Grigsby is dismissed under Rule 12(b)(5) and (b)(6) for insufficient service of process and failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED THAT** defendant Johnson County, Kansas' Motion to Dismiss (Doc. 11) is granted.  Plaintiff's action against Johnson County, Kansas is dismissed under Rule 12(b)(5) and (b)(6) for insufficient service of process and failure to state a claim upon which relief can be granted.  To the extent plaintiff intended to assert tort claims against Johnson County, Kansas, the Court dismisses such claims for lack of subject matter jurisdiction under Rule 12(b)(1).

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Complaint against defendants is dismissed in its entirety.

**IT IS SO ORDERED.**

**Dated this 29th day of March, 2016, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**